IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIANA CAVAZOS | § | |
| | § | |
| v. | § | C.A. NO. C-09-361 |
| | § | |
| MICHAEL ASTRUE | § | |

**MEMORANDUM AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff Diana Cavazos prevailed in this action in which a decision of the Commissioner of the Social Security Administration was vacated and remanded for further development of the record. (D.E. 17, 18, 19). She now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (D.E. 20). The Commissioner does not oppose plaintiff's requested award of attorney fees. Id. For the reasons stated herein, it is respectfully recommended that plaintiff's motion for attorney fees pursuant to the EAJA be granted.

**I. PROCEDURAL BACKGROUND**

On January 14, 2005, at the age of fifty-six, plaintiff filed an application for disability insurance benefits. Tr. 89-91. Initial review by the Social Security Administration concluded that she was not disabled, and her application was denied on March 15, 2005. Tr. 34-37. She filed an appeal, which was similarly denied on May 23, 2005. Tr. 38-40. She requested a hearing before an

administrative law judge ("ALJ") to review her application, which was held on December 4, 2006.  Tr. 41.  After the hearing, the ALJ issued a decision again denying plaintiff's application based on the finding that she was not disabled.  Tr. 27-31.  Plaintiff appealed and the Appeals Council remanded the case back to the ALJ.  Tr. 54-55.

A supplemental hearing was held on April 24, 2008.  Tr. 1027-87.  On May 13, 2008, the ALJ again found plaintiff not disabled.  Tr. 16-23.  She appealed and this time the Appeals Council denied her request for review.  Tr. 6-8.  Plaintiff then filed this action. (D.E. 1).  On September 17, 2010, the Commissioner filed a motion for summary judgment. (D.E. 13).  On September 19, 2010, plaintiff filed a motion for summary judgment. (D.E. 14).  On October 15, 2010, the Commissioner filed a reply to plaintiff's motion for summary judgment. (D.E. 15).  On October 17, 2010, plaintiff filed a reply to the Commissioner's motion for summary judgment. (D.E. 16).

On November 29, 2010, both motions for summary judgment were granted in part and denied in part, and the case was remanded to the Social Security Administration. (D.E. 18).  The same day, final judgment was entered. (D.E. 19).  The Commissioner did not appeal.

## II.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff asserts the following claims:

1. Plaintiff is the prevailing party in this action;

2. Plaintiff's attorney worked 39.50 hours on this matter;

3. The hourly rate for an attorney pursuant to the EAJA sought is $170.00; and

4. Plaintiff is entitled to an award of attorney fees.

## III.  DISCUSSION

**A.  The Award Of Attorney Fees Pursuant To The EAJA.**

A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) she is the prevailing party, (2) she files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v. Shalala, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

**1.  Plaintiff was the prevailing party.**

The Fifth Circuit has explained that "[a] party prevails by succeeding on "'any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'"  Squires-Allman, 117 F.3d at 920 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The Supreme Court has explained that "the

term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521, 2525 (2010) (citation omitted). In Ratliff, the Court held that an EAJA fee award is payable to the litigant but "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. at 2524.

In this action, plaintiff challenged the ALJ's decision because it was not supported by substantial evidence and did not comport with the appropriate legal standards. She requested that the Court remand the case to the ALJ. (D.E. 1, 14, 16). The Court remanded the case for further consideration in accordance with the law, thus satisfying plaintiff's objective in bringing her action. (D.E. 18, 19).

Plaintiff succeeded in having her claim remanded to the Commissioner for reconsideration. As such, it is respectfully recommended that plaintiff is a prevailing party within the meaning of the EAJA. See Squires-Allman, 117 F.3d at 920 n.2 (citing Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993)).

### 2. Plaintiff filed a timely fee application.

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). For purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal. See Schaefer, 509 U.S. at 298. When the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees pursuant to the EAJA has thirty days after the sixty-day period for appeal has run to submit her application. 28 U.S.C. § 2412(d)(1)(B).

In this case, final judgment was entered on November 29, 2010. (D.E. 19). Because the Commissioner did not file a notice of appeal, the motion for fees was due by February 28, 2011. Therefore, it is respectfully recommended that plaintiff's motion for award of attorney fees, filed on February 27, 2011, is timely.

### 3. The Commissioner's opinion was not substantially justified.

In order for plaintiff to collect attorney fees, the Commissioner's position in denying plaintiff's benefits must not have been "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in Pierce v. Underwood, 487 U.S. 552 (1988), explaining that the statutory phrase "substantially justified" means "justified to a degree that could satisfy a reasonable

person." Id. at 565. To be substantially justified, the Commissioner's case must have a reasonable basis both in law and in fact. Id. at 566 n.2. It is "more than merely undeserving of sanctions for frivolousness," id. at 566, but less than "clearly and convincingly justified." Id. at 568.

The award of attorney fees is not granted automatically every time the government loses. See Houston Agric. Credit Corp. v. United States, 736 F.2d 233, 236 (5th Cir. 1984) (citation omitted). The reversal of agency action is not the functional equivalent of an unreasonable position pursuant to the EAJA. Spawn v. W. Bank-Westheimer, 989 F.2d 830, 840 (5th Cir. 1993) (citations omitted). The government does, however, have the burden of establishing that its position was substantially justified. Griffon v. U.S. Dep't of Health & Human Servs., 832 F.2d 51, 52 (5th Cir. 1987) (per curiam). The Fifth Circuit has held that the government's position was substantially justified: (1) where the government relied on a regulation that was later invalidated; (2) where the government relied on case precedent later set aside; or (3) where new evidence, not available at the administrative level, became available at trial. See, e.g., Spawn, 989 F.2d at 840 (relied on a regulation which was later invalidated); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); Hallman v. INS, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (per curiam) (relied on new

evidence, not available at the administrative level). In these cases, the Fifth Circuit did not allow attorney fees to be recovered by the prevailing party even though the government had lost.

The Fifth Circuit has determined that "[a]s a general proposition ... if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, 'the absence of support for the Secretary's decision ... is at once an absence of justification for her position.'" Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (quoting Herron v. Bowen, 788 F.2d 1127, 1132 (5th Cir. 1986) (per curiam)). Here, the Court found the ALJ lacked sufficient evidence to find that plaintiff was not disabled.

Therefore, it is respectfully recommended that the Court find that the Commissioner's position in this case was not substantially justified.

### 4. There are no special circumstances.

The EAJA disqualifies an applicant from an award of fees if the Court finds that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to prove special circumstances exist that make an award unjust. Baker, 839 F.2d at 1080 (citations omitted). The Commissioner does not object to plaintiff's motion for attorney fees. (D.E. 20).

It is respectfully recommended that the Court find plaintiff has shown that

she is the prevailing party, the EAJA application was timely filed, the Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust. It is further respectfully recommended that the Court find that plaintiff's motion for attorney fees is properly maintained pursuant to the EAJA.

## B.     The Analysis Of The Reasonableness Of Plaintiff's Attorney Fees.

The Court must next determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive. See Hall v. Shalala, 50 F.3d 367, 368 (5th Cir. 1995) (district court's determination of attorney's fees reviewed for abuse of discretion). Attorneys submitting a fee request pursuant to the EAJA "are required to exercise billing judgment." Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996) (citation omitted). The Fifth Circuit has stated that "[t]he district court is required to determine 'whether particular hours claimed were reasonably expended.'" Id. at 768 (citation omitted).

According to the fee application, plaintiff's counsel spent a total of 39.50 hours on the case. (D.E. 20). This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing her filings. The results obtained were desirable.

The hours submitted by plaintiff's counsel furthered her case. Accordingly,

it is respectfully recommended that the Court find that the 39.50 hours spent on this case by plaintiff's attorney be found to be reasonable and necessary.

### 1. The reimbursable amount of attorney fees.

The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has concluded that while the statute clearly provides for cost of living adjustments, it does not require such adjustments. Baker, 839 F.2d at 1084. "Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted." Id. The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA. See Bode v. United States, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam) (district court's use of CPI for purpose of determining EAJA adjusted attorney fee rate was appropriate).

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest

for the ... delay in payment" and "is a prohibited award of interest against the United States." Id. at 1076-77.

## 2. The calculation of plaintiff's attorney fees.

Plaintiff's attorney reasonably worked a total of 39.50 hours on this action in 2010. Counsel calculates the cost of living adjustment pursuant to the EAJA to be $170.00 for 2010.[1] These hourly rates correctly reflect the cost of living adjustment for the year of 2010, and it is respectfully recommended that the Court calculate the EAJA award according to this adjusted rate for hours worked in this action. Additionally, pursuant to this adjusted rate, the attorney fees for hours worked in 2010 are calculated as 39.50 hours multiplied by $170.00, which equals $6,715.00.

It is respectfully recommended that the Court find that plaintiff is entitled to attorney fees in the amount of $6,715.00.

## IV. RECOMMENDATION

It is respectfully recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because she is the prevailing party, the

---

[1] To calculate the appropriate cost of living adjustment, one compares the CPI-U for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI-U for June 2010, 143.10 and 194.738 respectively, to find that the rate has increased 36.085 percent. (194.738 minus 143.10 = 51.638; 51.638 divided by 143.10 = 36.085 percent). A 36.085 percent increase equals $170 per hour.

Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust. It is further respectfully recommended that the Court find that 39.50 billable hours expended on this case by plaintiff's counsel were reasonable and necessary.

Accordingly, it is respectfully recommended that plaintiff's motion for attorney fees be granted, (D.E. 20), and that plaintiff be awarded $6,715.00.

Respectfully submitted this 1st day of March 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).